**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL SILVA,** | **:** | **CIVIL ACTION NO. 3:14-2179** |
| **Plaintiff** | **:** | **(JUDGE MANNION)** |
| **v** | **:** | |
| **Lt. Shipe, _et al_.,** | **:** | |
| **Defendants** | **:** | |

**MEMORANDUM**

**I. Background**

Plaintiff, Michael Silva, an inmate formerly confined in the State

Correctional Institution, Coal Township ("SCI-Coal Township"), Pennsylvania,

filed the above captioned civil rights action pursuant to 42 U.S.C. §1983.

(See Doc. 1, complaint). The named Defendants are twenty-nine employees

of SCI-Coal Township.

On August 7, 2015, Defendant Kaskie filed a motion to dismiss

Plaintiff's complaint, (Doc. 30)  and subsequently, on August 21, 2015,

Defendant Kaskie filed a brief in support of her motion. (Doc. 32). On

September 2, 2015, the remaining Defendants filed a motion to dismiss or,

in the alternative, for summary judgment, (Doc. 33), and a brief in support on

November 9, 2015. (Doc. 45). Both dispositive motions argue, *inter alia*, Plaintiff's failure to exhaust administrative remedies prior to bringing the instant action.

By Order dated October 9, 2015, Plaintiff was granted an enlargement of time until December 30, 2015, within which file a brief in opposition to Defendants' dispositive motions. (Doc. 41). By Order dated January 6, 2016, Plaintiff was granted a second enlargement of time, until February 1, 2016, within which to file a brief in opposition to Defendants' motions. (Doc. 48).

On January 19, 2016, this Court's January 6, 2016 Order was returned to the Court as undeliverable, stating that Silva had been released from SCI-Coal Township. (Doc. 49). The Court then forwarded its January 6, 2016 Order to Silva's current location, Central Receiving and Assignment Facility, West Trenton, New Jersey. On February 8, 2016, this Court's January 6, 2016 Order was again returned with the notation that service was "attempted" but "not known" and "unable to forward". (Doc. 50). A search of the Department of Corrections' inmate locator, http://inmatelocator.cor.pa.gov/, revealed that Silva was released from the custody of the Pennsylvania Department of Corrections. For the reasons set

forth below, Defendants' unopposed motions will be granted and the Court

will dismiss Plaintiff's action for failure to prosecute.

## II.  Discussion

Generally, a dispositive motion may not be granted merely

because it is unopposed.  However, when a plaintiff fails to prosecute or

comply with a court order, the court may dismiss the action pursuant to Rule

41(b) of the Federal Rules of Civil Procedure.  Link v. Wabash R.R. Co., 370

U.S. 626, 629 (1962). In Link, the Supreme Court stated:

> The authority of a federal trial court to dismiss a
> plaintiff's action with prejudice because of his failure to
> prosecute cannot seriously be doubted. [footnote
> omitted] The power to invoke this sanction is
> necessary in order to prevent undue delays in the
> disposition of pending cases and to avoid congestion
> in the calendars of the District Courts. The power is of
> ancient origin, having its roots in judgments of nonsuit
> and non prosequitur entered at common law .... It has
> been expressly recognized in Federal Rule of Civil
> Procedure 41(b) ....

Id. at 629–30.

The Third Circuit Court of Appeals held in Stackhouse v.

Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991), that a district court should not

dismiss a civil rights complaint brought by a former prisoner for failure to

comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. However, in reaching this holding, the Court of Appeals did not vitiate the Supreme Court's decision in Link, Rule 41(b) of the Federal Rules of Civil Procedure, or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.

Stackhouse, 951 F.2d at 30 (emphasis added); see also Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) ( "Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation .... [N]ot all of the Poulis factors[1] need be

---

[1]The Court of Appeals in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to

4

satisfied in order to dismiss a complaint .... Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

In the instant case, Silva has twice been granted enlargements of time to comply with Local Rule 7.6 and file an all-inclusive brief in opposition. (See Docs. 41, 48). Moreover, as is apparent from the history of litigation in this case, Plaintiff clearly has the ability to file documents and communicate with this court.

Five months have passed since Silva's opposition to Defendant Kaskie's motion to dismiss was due, and three months have passed since Silva's opposition to the remaining Defendants' motion to dismiss or for summary judgment was due. Plaintiff has not filed any brief in opposition or

---

consider before dismissing a case for the plaintiff's late filing of a pretrial statement. The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

sought an additional extension of time in which to do so.

Additionally, a *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit.

Silva's last communication with this Court was the filing of his second motion for enlargement of time on December 22, 2015. (See Doc. 47). Silva has not communicated with the court since the filing of this motion. The record clearly indicates that he has been released from the custody of the Pennsylvania Department of Corrections. Thus, it is reasonable to conclude that Silva has abandoned this suit. As a result, the Court concludes that Silva's dilatoriness outweighs any of the other considerations set forth in Poulis. See supra note 1, at 4.

### III.      Conclusion

For the reasons stated above, the Court will deem the pending motions to dismiss and for summary judgment to be unopposed, grant the motions, dismiss the complaint in this action pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with a court order, and direct that this case be closed. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: February 16, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2179-01.wpd